**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**IN RE:**

**STANLEY EARL ENGLE**                                          **CASE NO. 14-50191**
                                                                        **CHAPTER 7**
**DEBTOR**

**J. JAMES ROGAN, TRUSTEE FOR**                                 **PLAINTIFF**
**THE BANKRUPTCY ESTATE OF**
**STANLEY EARL ENGLE**

**V.**                                                          **ADV. NO. 14-05016**
                                                    **PROCEDURALLY CONSOLIDATED**
                                                        **WITH ADV. NO. 14-05018**

**JPMORGAN CHASE BANK, N.A., ET AL.**                           **DEFENDANTS**

**MEMORANDUM OPINION**

In these consolidated adversary proceedings, the Chapter 7 Trustee, J. James Rogan (the

"Trustee"), argues that he may avoid certain mortgages executed by an attorney-in-fact pursuant

to the Trustee's 11 U.S.C. § 544(a) strong-arm powers.  The Trustee asserts that the power of

attorney is defective, so the attorney-in-fact had no authority to grant the mortgages now held by

the Defendants, JPMorgan Chase Bank, N.A. ("Chase") and CitiMortgage, Inc. ("Citi").  Navy

Federal Credit Union ("NFCU") is also a named Defendant based on its liens filed subsequent to

the Chase and Citi mortgages, but it sides with the Trustee.

Chase and Citi recognize errors contained in the power of attorney, but argue that the

document was sufficient to grant the attorney-in-fact authority to execute the transaction

documents, including the mortgages.  Alternatively, Chase and Citi argue that the Debtor ratified

the actions of the attorney-in-fact by performance over the nearly nine-year period between

execution and the petition date.

After consideration of the briefs, arguments of counsel, and the record, it is determined

that there are no genuine issues of material fact and Chase and Citi are entitled to summary

judgment as a matter of law.  The Trustee's cross-motion for summary judgment is denied.

## I.  PROCEDURAL HISTORY AND FACTS.

### A.  Procedural History.

The consolidated adversary proceedings, Adv. No. 14-5016 against Chase and Adv.

No. 14-5018 against Citi, both involve common questions of Kentucky law regarding the scope

of authority conferred by a power of attorney and the notice provided by recorded documents

executed by the attorney-in-fact.  [*See* AP Doc. 29 and AP Doc. 35 (Adv. No. 14-5018)][1]  Chase

and Citi and the Trustee, joined by NFCU, filed cross-motions for summary judgment asserting

there are no genuine issues of material fact for trial.  [AP Docs. 36, 39, 43]  The parties fully

briefed the respective arguments [*see* AP Docs. 38, 42, 43, 46-48] and oral argument was held on

December 18, 2014.  [AP Doc. 50]  The matter is now submitted for a decision.

### B.  Facts.

The parties agree about the facts underlying this dispute.  Schedule A describes three

adjacent residential properties acquired in 2005:  1111, 1113 and 1115 Oatlands Park, Lexington,

Kentucky.  The Debtor used 1113 Oatlands Park as his residence, but owned the other two

parcels as investment properties on the petition date.  [Bk. Doc. 1 at 8]  Anticipating his absence

at the time of closing, the Debtor executed a Special Power of Attorney ("SPOA") on July 5,

2005, naming Bernie Utterback as his attorney-in-fact.  The SPOA gave Utterback full power to

---

[1] References to the docket in the Adversary Proceedings appear as [AP Doc. ____], and unless otherwise specified
refer to Adv. No. 14-5016.  References to the docket in the Debtor's main bankruptcy case appear as [Bk.
Doc. ____].

"contract and to bargain, to sell" the three properties.[2]  [AP Doc. 36-2 at 2]  The SPOA further

provided:

> Said attorney-in-fact shall have the right to execute, acknowledge, and deliver any
> and all documents she [*sic*] deems necessary involving the sell [*sic*] of the
> aforesaid property.  Said attorney-in-fact shall have full authority an [*sic*]
> discretion and may execute such instruments in such a manner as to bind me, my
> heirs and assigns forever, just as fully and completely as if I has [*sic*] signed,
> acknowledged and delivered the same in person.  I hereby ratify everything which
> my attorney-in-fact appointed hereunder shall lawfully do to cause to be done.
> This special power of Attorney [*sic*] will expire on December 31, 2005.

[*Id.*]  The SPOA was recorded on September 9, 2005, in Deed Book 2584, Page 88, in the

Fayette County Clerk's Office.

Mr. Utterback attended the closing on the three properties on August 30, 2005, and

executed a deed and a purchase money note for each property on behalf of the Debtor.  [AP

Docs. 36-11 - 36-13; AP Docs. 36-17 - 36-19]  He also executed the following mortgages

securing the notes (the "Mortgages" or each a "Mortgage"):

1. <u>1111 Oatlands Park</u>:  Mortgage dated August 30, 2005, granted by Debtor in
favor of Mortgage Electronic Registration System, Inc. ("MERS"), as
nominee for Century Lending Co., recorded September 16, 2005, in Mortgage
Book 5460, Page 101, in the Fayette County Clerk's Office [AP Doc. 36-5]
("Citi Mortgage I"), which Mortgage was assigned to ABN AMRO Mortgage
Group, Inc. by instrument recorded November 17, 2005, in Miscellaneous
Book 428, Page 169, in the aforesaid Clerk's office [AP Doc. 36-6][3] (ABN
AMRO Mortgage Group was acquired by Citi in early 2007 [AP Doc. 36-7]);

2. <u>1113 Oatlands Park</u>:  Mortgage dated August 30, 2005, granted by Debtor in
favor of MERS, as nominee for Century Lending Co., recorded September 16,
2005, in Mortgage Book 5460, Page 84 in the Fayette County Clerk's Office
[AP Doc. 36-3] (the "Chase Mortgage"), which Mortgage was assigned to

---

[2] The grammar issue is addressed *infra*.

[3] The Assignment of Mortgage [AP Doc. 36-6] references a property street address of "1111 Oatland Park" instead
of "Oatland<u>s</u> Park," which appears to be the correct street name.  This mistake appears in the deed and also appears
in the documents related to 1115 Oatlands Park.  This typographical error does not affect the analysis.

Chase, by instrument recorded March 7, 2014, in Miscellaneous Book 512, Page 181, in the aforesaid Clerk's office [AP Doc. 36-4]; and

3.  1115 Oatlands Park:  Mortgage dated August 30, 2005, granted by Debtor in favor of MERS, as nominee for Century Lending Co., recorded September 16, 2005, in Mortgage Book 5460, Page 120, in the Fayette County Clerk's Office [AP Doc. 36-8] ("Citi Mortgage II"), which Mortgage was assigned to ABN AMRO Mortgage Group by instrument recorded in Miscellaneous Book 428, Page 171, in the aforesaid Clerk's office [AP Doc. 36-9][4] (ABN AMRO Mortgage Group was acquired by Citi in early 2007 [AP Doc. 36-7]).

The signature line of each Mortgage indicated:  "BORROWER – STANLEY ENGLE, BY BERNIE UTTERBACK, ATTORNEY-IN-FACT."  Further, Utterback executed the Mortgages indicating his status as "attorney-in-fact."  The deeds and notes were similarly notated and executed.

The Debtor confirmed in his deposition that he gave Utterback authority to take every step necessary to purchase the properties, including executing loan documents.  [AP Doc. 36-14 at 19-20, 30-31]  The Debtor acknowledged that he did not have the money required to pay for the properties in full and that he had made arrangements to borrow 80% of the purchase price for the three properties.  [*Id.* at 22]  The Debtor also explained that he intended these purchases to work like a similar 2004 transaction that involved his father as attorney-in-fact and required execution of loan documents.  [*Id.* at 51]

Subsequently, the Debtor made his note payments from inception in 2005 through the petition date.  [AP Doc. 36-20 (POC 18-2 involving Chase Mortgage); AP Doc. 36-21 (POC 9-1 involving Citi Mortgage I); and AP Doc. 36-22 (POC 14-1 involving Citi Mortgage II)]; *see also* AP Doc. 36-14 at 36-37 (The Debtor testified during his deposition that he had not missed any payments on these loans prior to filing bankruptcy.)]  Also during this time, the Debtor used the

---

[4] *See* n. 3 *supra*.

4

properties exclusively for his own benefit, residing in one and generating rental income from the others.

The Debtor granted second and in some cases third mortgages on all three properties to NFCU.  The Trustee settled the claim against NFCU with respect to 1111 Oatlands Park and 1115 Oatlands Park, but the settlement does not address 1113 Oatlands Park.  [Bk. Doc. 89] Resolution of the dispute between NFCU and the Trustee does not affect resolution of the dispute between the Trustee and Citi.

The properties were sold by court order on September 3, 2014, for an aggregate purchase price of $295,916.96.  [Bk. Doc. 87]  Resolution of the validity and priority of the Mortgages is required to address distribution of the sale proceeds.

## II.  SUMMARY JUDGMENT IS APPROPRIATE WHERE THERE ARE NO GENUINE ISSUES OF MATERIAL FACT.

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Bankr. P. 7056 (incorporating by reference Fed. R. Civ. P. 56).  The movant bears the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).  A genuine issue for trial exists

when there is sufficient "evidence on which the [factfinder] could reasonably find for the

plaintiff." *Id.* at 252. "[W]here the parties have filed cross-motions for summary judgment, the

court must consider each motion separately on its merits, since each party, as a movant for

summary judgment, bears the burden to establish both the nonexistence of genuine issues of

material fact and that party's entitlement to judgment as a matter of law." *Menninger v.*

*Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800–01 (B.A.P. 6th Cir. 2007).

There are no genuine issues of material fact that require a trial in this matter.

## III. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper pursuant to 28 U.S.C. § 1409.

## IV. DISCUSSION

The Trustee argues his strong-arm powers as a judicial lien creditor under 11 U.S.C.

§ 544(a)(1) allow him to avoid the Chase and Citi mortgages. The mortgages are validly

recorded, however, and provide the notice required by Kentucky statute to overcome this

argument. The Trustee's attempt to find the mortgages void due to defects in the SPOA fails.

### A. The Chase and Citi Mortgages Comply with Kentucky Law and Are Sufficient to Provide Notice of the Lenders' Interests.

Pursuant to Section 544(a)(1) of the Bankruptcy Code, upon the commencement of a

bankruptcy case the Trustee holds the status of a judicial lien creditor of the Debtor and may

avoid liens against the Debtor's property that are voidable under state law. 11 U.S.C. 544(a)(1);

*see Kendrick v. Deutsche Bank Nat'l Trust Co., et al. (In re St. Clair)*, 380 B.R. 478, 482 (B.A.P.

6th Cir. 2008). Kentucky law governs whether the Trustee's status as a judicial lien creditor is

superior to the challenged interest of any creditor. *Kendrick*, 380 B.R. at 482.

6

A mortgage will provide constructive notice to subsequent lienholders, such as a judicial lien creditor, if it is legally acknowledged or proved and lodged in the correct recording location. Ky. Rev. Stat. § 382.270.  No party has disputed the fact that the Mortgages are correctly recorded in the Fayette County Clerk's Office.  The Mortgages also satisfy the criteria required by Kentucky law for a recordable mortgage.  Each Mortgage contains the lender's address, Ky. Rev. Stat. § 382.430; the note and maturity dates, Ky. Rev. Stat. § 382.330; the preparer's statement, Ky. Rev. Stat. § 382.335; and the acknowledgment of the mortgagor's signature by a notary public, Ky. Rev. Stat. § 382.130.

Kentucky law also provides for recording the power of attorney authorizing the execution of recordable instruments by an attorney-in-fact.  Ky. Rev. Stat. § 382.370 requires:

> Powers of attorney to convey or release real or personal property, or any interest therein, may be acknowledged, proved and recorded in the proper office, in the manner prescribed for recording conveyances.  If the conveyance made under a power, is required by law to be recorded or lodged for record, to make the same valid against creditors and purchasers, then the power must be lodged or recorded in like manner... .

The SPOA was also filed of record in accordance with the statute.  Therefore, the Trustee has constructive notice of the Mortgages and cannot assert his position as a judicial lien creditor to avoid the Mortgages.

### B. The SPOA Is Sufficient to Create a Principal/Agent Relationship and Bind the Debtor to the Acts of the Attorney-in-Fact.

The Trustee does not dispute the general conclusions regarding the form and recording of the Mortgages.  The Trustee's argument is that the SPOA does not grant the attorney-in-fact specific authority to bind the principal under the purchase money notes or Mortgages.  That argument is not the Trustee's to make.  Even if it were, the SPOA conveys the authority necessary to bind the Debtor to the obligations in the Mortgages.

7

The Trustee asserts the SPOA is void, relying exclusively on the conclusion in *U.S. Fidelity & Guaranty Co. v. McGinnis' Adm'r*, 147 Ky. 781, 145 S.W. 1112 (1912).  In *U.S. Fidelity*, Kentucky's highest court observed in dicta:  "[A] power of attorney to sell and convey real estate does not confer a power to mortgage, and a mortgage executed under such a power is void." *Id.* at 1114 (citing *Campbell v. Foster Home Ass'n*, 163 Pa. 609, 30 Atl. 222, 26 L. R. A. 117, 43 Am. St. Rep. 818).  *But see Parton v. Robinson*, 574 S.W.2d 679, 682 (Ky. Ct. App. 1978) (a power of attorney executed by a principal without mental capacity "would not necessarily be void, but merely voidable").

This case does not involve a principal trying to avoid liability based on insufficient language in a power of attorney or a lender trying to impose liability on an agent that overstepped his grant of authority as an attorney-in-fact.  Those issues raise a question of the extent of the grant of authority in a power of attorney by someone that might rely on the document.  *See Parton*, 574 S.W.2d at 682 (a party dealing with an attorney-in-fact need only look at the language of the document).  Here, the Debtor's actions and testimony conclusively establish that he intended to be bound by the notes and Mortgages executed by Utterback.  *See supra* at Section I.B.  There is nothing in the law to suggest that a non-party can raise the question of the authority of an attorney-in-fact when the parties that relied on the power of attorney have not made authority an issue.

It is also possible to conclude the SPOA is sufficient on its face, although it is not as specific as any party would want.  *See Kindred Nursing Ctrs. Ltd. P'ship. v. Bullock*, 2013 WL 6198354, *2 (Ky. Ct. App. Nov. 27, 2013) (interpretation of a power of attorney is a question of law for the court).  The authority of the attorney-in-fact granted by the SPOA is described as:

> Said attorney-in-fact shall have the right to execute, acknowledge, and deliver any and all documents she [*sic*] deems necessary involving the sell [*sic*] of the [Oatlands Park properties].  Said attorney-in-fact shall have full authority an [*sic*] discretion and may execute such instruments in such a manner as to bind me, my heirs and assigns forever, just as fully and completely as if I has [*sic*] signed, acknowledged and delivered the same in person.

The gender mistake and grammar issues are unfortunate, but they do not affect interpretation of the SPOA.  Although the granting language uses the word "sell", it is readily apparent that the Debtor did not own the properties and they likely intended to use "sale" (although purchase or acquire would have been more descriptive).  Further, the authority to execute any instruments that would allow the Debtor to acquire the properties is broad enough to encompass execution of the purchase money notes and mortgages necessary to provide funds to close the transactions.

The fact that a party to a transaction involving a power of attorney might have an argument regarding the authority of the attorney-in-fact does not deprive a mortgage of its notice function under Kentucky law as against a trustee acting as a judicial lien creditor.  This decision is consistent with other recent decisions of this Court rejecting similar challenges to validly recorded mortgages based on missing powers of attorney.  *See Rogan v. CitiMortgage, Inc., et al. (In re Dillard)*, Case No. 10-51870, Adv. No. 11-05058, 2012 WL 1806302, 2012 Bankr. LEXIS 2214, *3 (Bankr. E.D. Ky. May 17, 2012) ("[Ky. Rev. Stat. § 382.270] makes it clear that the recording of the Mortgage was sufficient notice to the Trustee regardless of any technical defect under KRS Chapter 382, which would include any defect in recording a power of attorney pursuant to K.R.S. § 382.370."); *Rogan v. Wachovia Mortg. Corp., et al. (In re Jacobs)*, Case No. 10-52915, Adv. No. 11-05039, 2012 WL 1813120, 2012 Bankr. LEXIS 2217, *5 (Bankr. E.D. Ky. May 17, 2012) ("The recording of the First Wachovia Mortgage puts the Trustee on

constructive notice of its contents, regardless of whether the First Power of Attorney was recorded."); *see also Rogan v. Farmers Home Admin, U.S. Dep't of Agric. (In re Tuttle)*, Case No. 11-52752, Adv. No. 12-05007, 2012 WL 3228989, 2012 Bankr. LEXIS 3658, *4 (Bankr. E.D. Ky. Aug. 6, 2012) (rejecting a Trustee's challenge to a validly recorded mortgage that was executed by the debtor, a general partner of the mortgagor, without any reference to his position or recitation of his authority to act on behalf of the partnership).

## V. CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Defendants Chase and Citi [AP Doc. 36] is GRANTED. The Trustee's cross-motion for summary judgment [AP Doc. 39] is DENIED. A separate order will follow.[5]

---

[5] Even if this Court were to conclude that the Chase and Citi mortgages were void as suggested by *U.S. Fidelity*, this does not guarantee that the Trustee would prevail. The facts and circumstances of this case dictate that at minimum the actions of the Debtor and his agent were likely sufficient to give rise to equitable mortgages in favor of Chase and Citi of which the Trustee might be charged with inquiry notice by virtue of the recorded SPOA and mortgages. According to the Kentucky Supreme Court, a prior equitable mortgage "retain[s] priority over one whose interest was acquired with *actual* or *inquiry* notice of its existence." *State Street Bank & Trust Co. of Boston v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998), as corrected (Mar. 19, 1998). Assuming sufficient notice, any equitable mortgage arising under these circumstances would necessarily retain priority over the interest of the Trustee since "an equitable lien attaches upon the advancement of the money and continues to exist for the duration of the debt." *Id.* at 631.

10

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, January 14, 2015**
(grs)